Filed 6/17/25  P. v. Garcia CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064435 |
| v. | (Super. Ct. No. 07CF3830) |
| JORGE A. GARCIA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge. Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*         \*         \*

## INTRODUCTION

In April 2011, a jury convicted Jorge A. Garcia (Defendant) and a codefendant of first degree murder. We affirmed the judgment against Defendant and codefendant in a nonpublished opinion in January 2013. (*People v. Garcia et al.* (Jan. 29, 2013, G045371) [nonpub. opn.](*Garcia I*).). Defendant appeals from an order denying his petition for resentencing made pursuant to Penal Code section 1172.6.[1] The trial court denied the petition following the issuance of an order to show cause and an evidentiary hearing.

Defendant's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to inform the court that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested one issue for our consideration. Defendant was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *Delgadillo* that if no supplemental brief was filed, the court might dismiss the appeal as abandoned.

Defendant did not file a supplemental brief. We nonetheless exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232) and find no arguable issues on appeal.

## BACKGROUND

### I. FACTUAL SUMMARY

We take the following summary of facts from our opinion in *Garcia I,* supra, G045371.

---

[1] All statutory references are to the Penal Code.

"On November 18, 2007, [Defendant] was living in an apartment complex at 521 South Lyon Street in Santa Ana. The complex is located in disputed gang territory, with both the Lyon Street gang and Los Crooks gang staking claim to the area. At around 5:00 p.m. on the 18th, Jose 'Kid' Granillo and several other Lyon Street members were hanging out in the parking area of the complex. They were drinking beer and smoking drugs when Jorge pulled up in his Chevy Tahoe. Granillo puffed out his chest, glared at [Defendant] and claimed Lyon Street, and in response, [Defendant] announced his allegiance to Los Crooks. Granillo then made a derogatory reference to Los Crooks and challenged [Defendant] to fight. But [Defendant] didn't stick around. He told Granillo, "I'll be right back" and promptly left the area in his vehicle.

"About 30 minutes later, [Defendant] returned to the same location in his vehicle. This time, he was not alone. When he pulled up to Granillo's group, a man wearing a hooded sweatshirt exited the front seat of his vehicle and approached Granillo. Granillo set down his beer and assumed a fighting stance. However, the man pulled out a gun and fatally shot Granillo in the chest with a single bullet. The shooter then rejoined [Defendant] in his vehicle, and they drove away.

"Miguel Chavez lived at the apartment complex where the shooting took place and was among the people who were hanging out with Granillo when he got shot. . . . [W]hen the police questioned him in the wake of the shooting and showed him lineups containing appellants' photographs, he identified [Defendant], aka 'Spy,' as the driver and [codefendant] as the shooter." (*Garcia I, supra*, G045371.)

3

## II. PREPETITION PROCEDURAL HISTORY

In April 2011, a jury convicted Defendant and a codefendant of one count of first degree murder (§§ 187, subd. (a)) and one count of street terrorism (§ 186.22, subd. (a).) As to the murder conviction, the jury found to be true a special circumstance allegation that "Defendant committed first degree murder while an active participant in a criminal street gang and for a criminal street gang purpose within the meaning of section 190.2(a)(22) of the Penal Code." The jury also found to be true the allegations that murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal intentionally discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)).

Defendant was sentenced to life without the possibility of parole as to the murder count. We affirmed the conviction and sentence in *People v. Garcia, supra*, G045371.

In June 2020, we granted Defendant's petition for a writ of habeas corpus in light of *People v. Chiu* (2014) 59 Cal.4th 155, vacated his first degree murder conviction, and remanded the matter to the trial court with directions to allow the People to either accept a reduction of the conviction to second degree murder or to retry Defendant for first degree murder under legally valid theories. (*In re Jorge Armando Garcia on Habeas Corpus* (June 26, 2020, G057050 [nonpub. opn.].)

The People declined to retry Defendant. In February 2021 he was resentenced to 15 years to life for second degree murder plus a term of 25 years to life on the firearm enhancement.

## RESENTENCING PETITION

Defendant filed his petition for resentencing under former section 1170.95 (now section 1172.6) in January 2019. In May 2024, the prosecution stipulated that Defendant had set forth a prima facie case, and the trial court issued an order to show cause pursuant to section 1172.6, subdivision (c).

An evidentiary hearing was conducted on July 16, 2024. The trial court admitted into evidence the reporter's transcript of the trial and the exhibits admitted into evidence at trial. No additional evidence was presented. The court ruled on objections to testimony made by Defendant pursuant to *Crawford v. Washington* (2004) 541 U.S. 36 and *People v. Sanchez* (2016) 63 Cal.4th 665. The court found Defendant guilty beyond reasonable doubt of murder under current law as a direct aider and abettor and denied his resentencing petition. The court also found Defendant would also be guilty beyond a reasonable doubt under a theory of an uncharged conspiracy to commit murder.

## ISSUE PRESENTED BY COUNSEL

Defendant's counsel suggests we address the following issue: "Whether there was substantial evidence supporting a finding of appellant's guilt under current law under either an aiding and abetting or conspiracy theory." We have reviewed the exhibits admitted into evidence at trial and reporter's transcript from trial, except for those passages to which the court sustained objections based on *Crawford* or *Sanchez*. We conclude substantial evidence supports the trial court's finding that Defendant was guilty beyond reasonable doubt of murder under current law as a direct aider and abettor or under a theory of an uncharged conspiracy to commit murder.

DISPOSITION

The postjudgment order denying Defendant's petition for resentencing is affirmed.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.

6